Good morning. May it please the court, my name is Jim Jellison. I represent the City of Surprise. I'm going to endeavor to reserve three minutes. I always say that and I'm never successful. This case arises from a fatal officer-involved shooting that occurred on January 1, 2016 in the City of Surprise. The issue that we're here to talk about today though is much, much more narrow in terms of the issue of statutory interpretation. And this case has had a winding and twisting road between its beginning, its discovery, its initial appeal before this court, and now where we're at with a single wrongful death claim based on battery and with the defense that's being raised, which is our Arizona state law felony immunity defense for public entities. I'm going to start however with the issue of whether we should be here at all because I'm well aware that this court has an independent obligation to assess its own jurisdiction and the issue of jurisdiction was brought up from the very beginning of this particular interlocutory appeal. From the City of Surprise, the answer is a clear yes. For starters, we have cases coming out of the District of Arizona that specifically deal with this statute, ARS 12-820.05B. Counsel, that's true. I was not able to locate any case from the Arizona Supreme Court that decides definitively whether this statute provides immunity from suit or only immunity from liability. And the wording of it is such that there is some ambiguity there. Is this a question that we should certify to the Arizona Supreme Court for it to tell us if we have jurisdiction or we don't? I mean, it's obviously a case that involves state policy and is important to the state. Your Honor, I love that question because I was going to start with jurisdiction and whether we should be here and I was going to end with certification, which is also a question of whether we should be here. Including jurisdiction, you were going to... Oh, I was going to hit that. I was going to hit that. That's where I was starting, but I might as well go to... Well, it's dispositive of the appeal. If they were to hold that it's immunity from suit, we could proceed to other questions. If they hold that it's immunity from liability only, we would have to dismiss. So clearly their answer would control one piece of the outcome or the whole outcome. I agree with that and I don't know... I think that reasonable minds could differ about the necessity of certification and I have to admit that I opposed it originally and then, of course, I raised it in a procedural motion in this case once we had whittled things down to where they're at now. And it's because we whittled things down to where we're at now that I thought that certification is something that this court should consider. So why do I say reasonable minds could differ? Because if we look at the Arizona State statutory scheme for absolute immunity and for the list of things that enjoy qualified immunity, we see the same language that we see in A20.05 that the entity is not liable for losses. And I agree with you. It doesn't say this is an immunity from suit in those exact terms. It also, likewise, doesn't say that this is a mere defense except for being an affirmative defense rather than an immunity in road cases. May I interrupt you for just a second? This is Judge Beah. You've asked us to consider whether we should certify. What is the position of the city of Surprise? Does it advocate that we do certify on the jurisdictional question or simply that we consider it in the way we might consider a law review article? Your Honor, I filed the motion because the city is advocating certifying this to the Arizona Supreme Court. And the reason for that, Judge Graber, you touched on that already. The concept of when a public entity, whether it's a city, town, county, or the state, is either going to have waived its sovereign immunity or is going to be able to enjoy the after the key legislation in 1984, is a matter of statewide importance. And whether or not and to what extent the felony exception applies in all levels that we're talking about today, does it apply only to the public employee's use of a vehicle? Is this a case where there really is, as a matter of law, a criminal felony if we accept the appellee's point that this is a non-justified or unjustified shooting? They have to argue that. Let me follow up with my next question. Is it also the city of Surprise's position that whether the statute applies only to the employee's use is another issue that should be certified to the Arizona Supreme Court? Yeah, I believe that that's the case. And I tried my best to fashion questions in our motion for certification to the Arizona Supreme Court that I thought would be pertinent. So on the latter, how would you word that question for the Arizona Supreme Court? The latter being? The, not the jurisdictional question, but the question regarding whether or not city employee or whether this 12820.05B applies to law enforcement stops. Would that, would you, how would you characterize the question to be presented on the more substantive side? In my procedural motion, Your Honor, I tried to be as eloquent as I could be. I will try to paraphrase it the best I can. I think that the real issue on the point that you're raising is whether the motor vehicle exception, that second sentence in 820.05B applies only to the use of a motor vehicle by a public employee. I don't think it's worth limiting it to police actions. I think we should know for all purposes. You know, and I read this that way, that you have a section that essentially talks in terms of public employees' felony conduct not being something that a city can be held liable for unless they had actual knowledge of a propensity for that act. If we look at the case law, that's very specific. They have to have performed that act or something so similar to that act that now the entity is on notice. They can decide, right? They can decide, do we want to keep this person or do we need to let this person go? They don't belong here in our municipality. That same concept applies with the motor vehicle exception and that second sentence is interesting because it says, it starts out, for purposes of this subpart, this does not apply to the civilian or non-public employees' use of the motor vehicle and by referencing that it relates to this subpart, the part about public employees and their felony misconduct, it shows clearly, not just through its wording, but through its placement in this whole statutory scheme that it deals with public employees. The other thing that we, and I try to go beyond the briefs during argument to raise points that I think are at least somewhat meaningful to the issues. The entity, if they're faced with an employee with a propensity to commit a crime, can do, as I've said before, they can choose to keep that person or let that person go and if they let them go, then they don't have to worry about liability and the same thing applies to who they let use motor vehicles. They can decide who they believe are qualified, who is accident prone or not, and they can decide who uses motor vehicles. In a case like this where there's a stop and somebody's in their car and they're a non-government employee, they are the suspect in fact, and they decide to use that car, we have no idea about their propensities and no control over whether they're qualified to use a motor vehicle. And I just don't believe that the statute was designed by the Arizona legislature to deprive the entity of this immunity because of something they can't control and that is what a non-public employee does with a motor vehicle. So to go back and circle back to your question, that's what I'd like to see. The additional issue that I'd like to see the Supreme Court address, because I don't know if they've hit it head on with this statute, I think we've got a lot of case law in the insurance field on similar language, but the use of a motor vehicle being just sort of a cog in the wheel, you know, an event in the chain is enough. And the case law, again, as I read it, tells me that it's not. The case law talks in terms, when it talks about causation, of the vehicle being the thing that causes the injury. And if you look at just a number of cases, you know, for the court's benefit, and they've all been cited here, the requirement clearly is, you know, when you have an idea that somebody got shot and it's somehow related to a vehicle, the idea that's expressed time and time again is the injury was how the gun was used. The shot arise out of how the vehicle was used. And that's true here. Mr. Adami died from a fatal shooting. There's no dispute over that. He didn't die because he was hit by a car. And the decision to shoot was Officer Gruber's decision. And he could have decided not to do it. He could have decided to do it. He could have taken his chances and allowed Mr. Adami to maintain control of the vehicle and jumped out. He may have got at risk getting run over in that process. But the injury here is caused by the decision to shoot. It's not caused because somebody got injured by a motor vehicle. If this clock is the clock I'm supposed to go by, I've got two minutes and 30 seconds. I'm sure I'd like to make some comments in the rest of my time. I would appreciate it. You may. Thank you. Good morning to all of you. My name is Dale Gallipo and I'm representing the appellees and the plaintiffs. And as was stated, I did request this matter to be certified to the Arizona Supreme Court. The problem that I'm having at this juncture is, first, there's disputed issues of fact as to whether the shooting was justified or not. But there's no factual issue of any kind with respect to the jurisdictional question. The statute provides either immunity from suit or immunity from liability without regard to any facts. And the statute is ambiguous and the Supreme Court of Arizona hasn't spoken to it. So why wouldn't we, at a minimum, certify that question? Because it tells us whether we have jurisdiction to consider all the other issues in the case. I agree with you, Judge Graber. I do agree with you on that point. I'm just trying to also look forward to see, assuming they decide that one way or the other, which hopefully they would, where that gets us. Because not only, and in Arizona, as was pointed out in the pleadings, the defense has the burden of proving it was justified under state law. How does justification play into the text of the statute on immunity? Because what I believe the appellant is trying to suggest, which I strongly disagree with, if there's a finding of unreasonable force or if they fail to meet their burden that it was justified, that's automatically a criminal felony. But that doesn't speak to whether the statute on motor vehicles applies only to governmental use of the vehicle. That also is a legal question, not a factual one here, because there's no question that it was the decedent who operated the motor vehicle and not any governmental actor. So once again, why isn't that a legal issue for the Arizona Supreme Court? And once again, I agree with you, Judge Weber, on that point. However, my reading of the statute is you don't even get to the vehicle exception unless there's a felony. And the court has to find a felony. Clearly, the district court has not found a felony. In this case, both sides have argued this is not a felony. In fact, the district court did not find there was enough evidence to support a 14th Amendment violation of purpose to harm. It's difficult for me to... Yes, Your Honor. Yes, sir. Don't we have some Arizona cases that say that for the application of the statute, it is not necessary that there be a prior felony conviction? Yes, that is correct, Judge Bea. In other words, it doesn't necessarily have to be criminal conviction, but there does have to be a finding by the court of a felony. So the question then is, who has the burden on that? What would be the burden of proof on that? Is that a question for the judge or the jury? And these are all interesting questions, but what is clear, the district court clearly has not found that this was a felony. And so while I agree wholeheartedly with Judge Graber's analysis and Judge Bea's comments that jurisdictionally, if it's immunity from suit versus immunity from liability, that would help this court on the jurisdictional issue. We're going to have to dismiss the case. No, if it's immunity from suit, we could continue. I agree. And the plain language of the statute says liability, not suit, but I would agree maybe it's ambiguous. But what I'm trying to point out, I think we're going to end up right back in district court no matter what, because no matter how that's viewed, there's disputed facts and no findings on whether it's justified and whether it's a felony. Should that be, should somehow the felony question be submitted to the state Supreme Court? I don't believe so because I think it's a question for the court and I can't imagine. I was just thinking about all the Fourth Amendment cases this court has seen and I've read many of Your Honor's opinions on those. And if you look at the Arizona statute, the standard for the battery is very similar as it is in California with regards to unreasonable force. And if we're going to say every time an officer overreacts or use unreasonable force, that's a felony, and then a state is going to try to get out of paying on behalf of that officer by arguing they don't have to indemnify felony conduct, and they want the officer himself or herself to then have a judgment entered against them so they could be collected against and may be forced into bankruptcy. I think it's very dangerous precedent that the appellants are suggesting here. They're basically suggesting we don't think our officer did anything wrong, but if it's unjustified, it's a felony and we're not going to pay. Well, how about, can a public employee be found to have committed a criminal felony under this particular statute even if a court has found that he or she was entitled to qualified immunity? I don't think they're mutually exclusive. I mean, the qualified immunity argument, as I understand it, is, you know, essentially was the law clearly established. Here, there was a two-to-one opinion with a very strong dissent on the clearly established problem. The judges agreed there was facts to support a constitutional violation, and that's why the federal claims no longer exist. But in this case, the officer's not a named defendant because of certain procedural shortcomings early on to preserve that issue, but imagine a situation in Arizona or any state where they'll take the position that any judgment secured against their officer, the officer has to pay themselves. I mean, a felony where someone's committing a sexual crime or something completely outside their work as a police officer, in my perspective, is very different than an officer who uses unreasonable force in the course of his work and duties. So I just wanted to point that out because why I totally agree with Judge Graber and Judge Baez's comment as well about maybe it would be helpful for the Arizona Supreme Court to tell us about whether this is immunity from liability versus immunity from suit, and if it's immunity from liability, then this appeal would be dismissed. But even if they said it's immunity, even if we came back on the case, it's disputed whether it's justified or not, it's disputed whether it's a felony or not, it still, in my opinion, would have to go back to the district court for trial because the vehicle code section, and clearly there is, I respectfully disagree with my opposing counsel, there's disputed issues of fact in this case as to whether the use of the vehicle had a causal connection to the shooting because the officer said the main reason he shot is because he was in the car and the car was moving forward. But I do agree it's a legal issue as to whether that statute applies to anyone using the car or the public employee. So those are some of the comments that I wanted to... You agree that's a legal issue? Is that what you said? I agree that may be, yes. I do agree the statute is unclear on that, and I also agree with Judge Snow's analysis that, you know, they didn't say that in the statute. So if you're just going on the face of the statute, I agree with his analysis. It's not limited to use by a public employee. I agree some people could interpret it that way, but it could be also easily interpreted as Judge Snow did. But I do agree, Judge McGeeh, that is something that the Arizona Supreme Court may weigh in on. My only point was, independent of what they decide, that vehicle court exception doesn't even apply unless the court finds a felony. And that hasn't been done yet. Mr. Gallipo, if I understand you correctly, you want a remand to the district court for the district court to determine whether, A, the actions of Groover or Gloover were justified, and if they were justified, then there's no liability. But if they were unjustified, the district court would go ahead and make a finding that his actions were a felony before the immunity statute would apply. Yes, Judge Bader. Before the vehicle court exception would apply, and I believe that that would have to be done in the context of a jury trial for a jury to decide those factual disputes. Okay. So those are the main comments I wanted to make, unless anyone has any other questions of me. Nothing. Thank you all very much, and very nice to see everyone in person. Yes, Judge McGeeh? Yes. So the decision from here that you want to see is just a remand? Yes. And for Judge Snow to go ahead and enforce his final decision? I think that this matter should go to trial, and we should see whether or not the jury thinks the shooting was unjustified or not, and then see whether or not there's a finding of whether it's a felony or not, and then this issue about the vehicle court exception may or may not be moot. And the jurisdiction determination would then come at what point? Well, again, part of the problem I have with this appeal is, and part of the reasons I there's no finding by the lower court of justification or not, felony or not, and they're asking a federal appellate court to interpret an Arizona state statute. So that's part of the problems we have with this appeal in the first place. I think... If I understand you correctly, Mr. Gallipoli, and this were to be remanded, and the jury were to find that Gruber's actions were, A, not justified, but B, did not constitute a felony, then C, there would be no immunity. Correct. That's absolutely correct, and unless there's a finding of a felony, we don't even get to the vehicle court exception to the felony subsection, because that's part of the same subsection. Do you read the statute as making that a jury question when it says that the court has found or not found a felony? That is unclear, Judge Graber. Also a good question for the Arizona Supreme Court. Yes, and once again, I agree with you on that, because it is unclear. Doing a lot of these cases... Sorry, I'm not sure where the feedback's coming. Doing a lot of these cases, I'm really troubled by this road and the concern of setting dangerous precedent that these officers who are out there doing the best they can, and sometimes they overreact and use unreasonable force, but to suggest every time they do that they're committing a felony, I just think, first of all, for the officer himself to have committed a felony when he may have used unreasonable force, I don't think that is fair to the officer, and secondly, for the entities in a time where we're trying to get more accountability, perhaps not less, for the entities to try to use that as a way to get out of indemnifying the officers and telling the officers if there's any jury verdict or judgment, you have to pay it, we're not going to pay it, and officers risk losing their homes or filing bankruptcy, and I feel in a way they're throwing their officers under the bus to get out of paying, and I don't think that's right. It's some very interesting issues, obviously, so does anyone else have any other questions of me this morning? No, thanks. I don't. Okay. Thank you. Okay. Thank you all very much. Nice to see everyone.  Thank you, Mr. Gallipo, for your comments. The problem with Mr. Gallipo's position is that Cameron and El Assadi tell us that this statute is an immunity from suit. That means if it applies, we shouldn't have to stand trial, and he wants us to stand trial. Hold on. You say, what tells us it's an immunity from suit because you just . . . The district court decisions. To district court decisions. Oh, yes. Yes. No. The Judge Tilburg and Judge Campbell decisions, and that's what you're talking about, right? That's what I'm talking about, and I admit these are district court opinions, but they are from our jurisdiction on this statute, and if the Supreme Court accepts that position . . . But you were just arguing previously that we should take that to the Supreme Court. That's right, but what I'm suggesting is that if we do what Mr. Gallipo does, we're being that if it applies and we maintain it does, we shouldn't have to go to trial. I think this felony thing is a bit of a red herring. If we were to go to . . . Why is it a red herring? Because if we were to conclude that there is no act or omission that is a criminal felony by a public employee, plus it has not been determined to be so by any court, then that whole section doesn't apply, and it doesn't matter whether it's immunity from suit or immunity from liability, that we'd just be done, wouldn't we? Curiously, Judge Snow sidestepped the felony . . .  He did. Did you? I'm just asking, if we were to make that conclusion, why would we have to make any other conclusion? We'd just say this thing doesn't apply, period, so whatever it means in some other situation where it applies, we don't have to go there. Well, I think under Arizona law, the idea of whether there's a felony taking the plainest position as being true, which we have to do for summary judgment, we're not claiming our officer is unjustified. He's justified. We don't have liability. Right, but why is every unjustified shooting a felony? I have two seconds. You have as much time as you need to answer my question. Because I'd love to answer that question, because I think it's salient, and I think it's actually less of a contentious question in Arizona, under Arizona statutory law, and under Arizona Supreme Court law. So let me tell you why I say that. Because for us, if we show justification, there's no civil liability under ARS 13-413. They have to argue that this is an unjustified shooting. If they don't, then they lose. I understand that, but why does unjustified equate to felony? Because in Arizona, it is a bright line. So let me talk statutorily. ARS 13-205 says, justification defenses describe conduct that, if not justified, would constitute an offense. But if justified, does not constitute criminal or wrongful conduct. It does not allow for a gray area in between. So judge, not every offense is a felony. Well, but we have a homicide here. We have a fatal shooting. And so I agree, not every offense is a felony. In the Ryan versus Napier case, the Arizona Supreme Court dealt with the release of a dog in a dog bite. And the court there said that, if that's not justified conduct, that's an aggravated assault, which is a felony. Now, if the dog committed de minimis injury, Judge Graber, I would agree with you. There might not be a felony. But in the state of Arizona, every form of homicide, every form of homicide is a felony. There is no form of homicide that's not a felony. So when you look at ARS 13-205, which is our criminal title, when you look at the Ryan versus Napier case that also describes there being a bright line between justified conduct that's not criminal and unjustified conduct that is criminal. But you look at what happened here, and that is, it is a homicide. Somebody died. It's a fatality. Under ARS 13-1101 through 13-1104, every form of taking somebody's life without justification is a felony as a matter of law. And so that's why I say it's a red herring. Even negligent killing is a felony? Yes, sir. It's a Class 4 felony under Title 13. So that's why I say it's a red herring with all due respect, Judge Graber. And I do appreciate that question. I think a case, I think my time's up. If I can say one more thing, I think a case that's interesting to read on the certification issue, but also on the statutory interpretation issue, is the Arizona Supreme Court's decision in Stombaugh. Because in that case, the Arizona Supreme Court did not like a lower court adding language to a statute. It was branding, descriptions of brands. This is classic Arizona stuff. But it's a statute about how brands need to look. And the lower court in that case said, well, you can have the same brand if it's in a different location. And the Arizona Supreme Court went through a very detailed statutory interpretation and said, location has nothing to do with it. It's not in the statute. Don't add it to the statute. And that's what Judge Snowe unfortunately did here, is he added non-public employees to A20.05b. And I think the Arizona Supreme Court will take umbrage with that. Are there any questions for me? No. No. Thank you. Thank you for your time. Thank you. Thank you both for your oral argument presentations here today. The case of Maria Adame v. City of Surprise is now submitted. We are adjourned. Thank you all.
judges: MURGUIA, GRABER, BEA